UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF ) | |
| ADMINISTRATIVE SUBPOENA ) | |
| DUCES TECUM SERVED UPON ) | |
| MISSOURI BAPTIST MEDICAL ) | Case No.: |
| CENTER  ON SEPTEMBER 15, 2022 ) | |
| COMPELLING PRODUCTION OF ) | |
| DOCUMENTS AND TANGLIBLE ) | |
| ITEMS CONCERNING DR. ASIM ALI. ) | |

**PROPOSED ORDER**

BEFORE THE COURT is the Motion of Missouri Baptist Medical Center ("MBMC") to Quash or Modify and for Entry of a Protective Order. Under 18 U.S.C. 3486(a)(5), and federal law, the Court hereby orders the following with respect to said Motion:

The administrative subpoena served on MBMC by the U.S. Department of Justice on September 15, 2022 is vague and overbroad in time and scope, in that it seeks information beyond the stated purpose of the government's investigation and without establishing the relevancy, admissibility, and specificity of the information and documents sought.  Thus, the Court GRANTS the Motion to Quash the administrative subpoena and sets it aside in its entirety.

**[Or, in the alternative,]** The Court GRANTS the Motion to Quash, in part, and hereby modifies the subpoena as follows: (i) any request for information beyond the stated purpose of the government's investigation is quashed (including that within Request Nos. 1-8) – the Court modifies the scope of the subpoenas by limiting the scope solely to documents containing information related to patient billing and reimbursement for Dr. Ali's healthcare services, the prescribing of controlled substances by Dr. Ali, and kickbacks for patient referrals and services; (ii) any request for privileged information protected from discovery under the Missouri peer

**EXHIBIT D**

review (§ 537.035 RSMo.), attorney-client, and/or insurer-insured privileges is quashed (including that within Request Nos. 1-8, including meeting minutes, correspondence, credentialing documents related to any peer review activity, and any other peer review and privileged materials concerning Dr. Ali, including those set forth on a Privilege Log submitted by MBMC); (iii) any request for confidential patient information protected from disclosure under the Health Insurance Portability and Accountability Act of 1996 (HIPAA) is quashed (including that within Request Nos. 2-7) – see Protective Order below; (iv) any request for publicly available documents is quashed (including that within Request Nos. 2-3); and (v) any request for confidential business financial information, including requests for financial information within contracts or other agreements, is quashed (including that within Request No. 1) – see Protective Order below.

Further, any documents produced in response to the subpoena shall be marked "CONFIDENTIAL" and produced pursuant to the following Protective Order: (i) any confidential HIPAA-regulated patient identifier information contained within a document otherwise responsive to the subpoena, as modified by the Court, shall be de-identified by redaction; (ii) any confidential hospital business and financial information irrelevant to the government's investigation contained within a document otherwise responsive to the subpoena, as modified by the Court, shall be redacted; (iii) the documents shall be used solely for the purpose of the government's administrative investigation into Dr. Ali's and for no other purpose; and (iv) the documents shall be returned or destroyed upon the conclusion of the government's investigation through final appeal.

**IT IS SO ORDERED.**

ENTERED on this \_\_\_\_\_ day of _____, 2022.

_____